## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
## COURT FILE NO.:

| | |
|---|---|
| David Erickson,<br><br>                Plaintiff,<br><br>v.<br><br>Performant Recovery, Inc., d/b/a Diversified Collection Services, Inc., and, Does 1-10<br><br>                Defendants. | **COMPLAINT**<br><br><br>**JURY TRIAL DEMANDED** |

## INTRODUCTION

1.     This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692-1692p ("FDCPA") and the invasions of Plaintiff's personal privacy by these Defendants in their efforts to collect a consumer debt.

## JURISDICTION

2.     Jurisdiction arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and, for the pendent state law claims, pursuant to 28 U.S.C. § 1367.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events and omissions giving rise to the claims occurred here.

## TRIAL BY JURY

4.      Plaintiff is entitled to and hereby respectfully demands a trial by jury.

## PARTIES

5.      Plaintiff David Erickson is a natural person who resides in Hennepin County, Minnesota, and is a "consumer" as that term is defined by Section 1692a(3).[1]

6.      Defendant Diversified Collection Services. Inc. ("DCS"), is a foreign corporation engaged in the business collecting debts in this state from its principal address of 333 North Canyons Parkway, Suite 300, Livermore, California 94551.  It is registered to do business in Minnesota under the name Performant Recovery, Inc., whose registered agent is CT Corporation Systems Inc. at 100 South 5th Street, Suite 1075, Minneapolis, Minnesota 55402.  It is a "debt collector" as that term is defined by Section 1692a(6) because it uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

7.      Defendants Does 1-10 are natural persons employed by Defendant DCS who use instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of debts and/or who regularly

---

[1] References to sections of the FDCPA will exclude the title number for convenience.

collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another, and are, therefore, "debt collectors," as that term is defined by Section 1692a(6). Their identities are currently unknown to Plaintiff but may be joined as parties once their identities are disclosed through discovery.

8.     Defendant DCS is liable for the acts and omissions of Defendant Does 1-10 because they were committed within the limits of their agency relationship and are of the same general nature as the responsibilities they are authorized to perform for Defendant DCS.

## FACTUAL ALLEGATIONS

9.     On or about March 8, 2005, Plaintiff co-signed a student loan debt, which would be a financial obligation that was primarily for personal, family or household purposes and is, therefore, a "debt" as that term is defined by Section 1692a(5), for Suzanne Carlson, a friend of Plaintiff's son.

10.    Sometime around August 2012, the debt was assigned, purchased, placed or otherwise transferred to Defendant DCS for collection and Plaintiff began receiving collection calls on both his home and cell phone.

11.    Neither Plaintiff nor Ms. Carlson ever received notice that this debt was in default from the creditor or servicer.P

12.   Because Defendants did not leave a message regarding who was calling him or why, Plaintiff called Defendant DCS at the number on his caller ID.

13.   When Plaintiff called Defendant DCS and talked to one of its debt collectors, the debt collector attempted to get Plaintiff to pay off this debt using the equity in his home, which would be exempt from attachment pursuant to the Minnesota Constitution.  *See Mortgage Associates, Inc. v Duax*, 162 N.W.2d 363, 364 (Minn. 1968).   Moreover, judgment liens cannot attach to exempt property.  *See Deutsche Bank Trust Co. v Petersen*, 748 N.W.2d 306, 309-310 (Minn. Ct. App. 2008).

14.   During this conversation Defendant DCS's debt collector told Plaintiff that his credit was so ruined by this debt that "he couldn't even buy an apple."

15.   Plaintiff has never defaulted on a debt before and pays all of his bills on time. As such, the negative reporting of this debt could not eliminate Plaintiff's ability to obtain credit as stated by Defendant DCS's debt collector.

16.   After Plaintiff informed Ms. Carlson that he was receiving collection calls and had talked to a debt collector for Defendant DCS, Ms. Carlson called Defendant DCS to discuss repayment of this debt. Defendant DCS's debt collectors informed her that they would not talk to her because they were only going to seek collection from Plaintiff.

17.   Plaintiff has not received a validation notice.

18.    Plaintiff has suffered actual damages as a result of these illegal collection actions, including, but not limited to, emotional distress, fear, humiliation, frustration and anxiety.

19.    Plaintiff is almost 65 years old and will be retiring at the end of this year because of health related issues.

20.    Plaintiff's relationship with his wife has become strained because of this matter.

21.    Defendants' illegal actions invaded the Plaintiff's privacy.

## CAUSES OF ACTION

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

23.    The foregoing acts and omissions of each and every Defendant and any acts or omissions that are disclosed through discovery constitute numerous and multiple violations of the FDCPA including, but not limited to, the specific violations cited below.

24.    Defendant DCS violated Section 1692g(a) by failing to provide the validation notice within 5 days of their initial communication.

25.  Defendants violated Section 1692d by causing Plaintiff's telephone to ring repeatedly or continuously with the intent to annoy, abuse, or harass him into paying the alleged debt.

26.  Defendants violated Section 1692d by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff.

27.  Defendant Doe violated Section 1692e, which prohibits using any false, deceptive or misleading representations or means in connection with the collection of a debt, by telling Plaintiff that his credit was so ruined he couldn't even buy an apple.

28.  As a result of each and every Defendant's violations of the FDCPA, Plaintiff is therefore entitled to actual damages pursuant to Section 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to Section 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to Section 1692k(a)(3) from each and every Defendant herein.

**COUNT II**

**INVASION OF PRIVACY BY INTRUSION UPON SECLUSION**

29.  Plaintiff repeats, realleges, and incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30.   Congress explicitly recognized a consumer's inherent right to privacy in

collection matters in passing the Fair Debt Collection Practices Act, when it

stated as part of its findings:

> **Abusive debt collection practices contribute to** the
> number of personal bankruptcies, to marital instability, to
> the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

31.   Defendants intentionally and/or negligently interfered, physically or

otherwise, with the solitude, seclusion and/or private concerns or affairs of

Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt

and thereby invaded Plaintiff's privacy.

32.   Plaintiff had a reasonable expectation of privacy in his solitude, seclusion,

private concerns and affairs.

33.   The conduct of these Defendants occurred in a way that would be highly

offensive to a reasonable person in that position.

34.   As a result of such intrusions and invasions of privacy, Defendants are liable

to Plaintiff for damages in an amount to be determined at trial from each and

every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against

each Defendant for the following:

I.      Actual damages from each Defendant pursuant to 15 U.S.C. § 1692k(a)(1)

        for emotional distress and invasions of privacy in an amount to be

        determined at trial;

II.     Statutory damages of $1,000.00 from each Defendant pursuant to 15 U.S.C.

        § 1692k(a)(2)(A);

III.    Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3);

IV.     Damages for invasion of privacy; and,

V.      For such other and further relief as the Court may deem just and proper.


Dated: November 5, 2012                 *s/ Curtis P. Zaun*_____
                                        Curtis P. Zaun (266310)
                                        curtis@cpzlaw.com
                                        800 LaSalle Avenue, Suite 2150
                                        Minneapolis, MN 55402
                                        612-200-5992
                                        612-367-8107 (fax)

                                        **Attorney for Plaintiff**